JUDGE LINDSAY
delivered the opinion op the court.
Appellant prays the court for a writ of mandamus to compel the College of Physicians and Surgeons of the City of Louisville and the officers of such college to permit him to exercise his rights as a member of the corporation, and to restore him to the enjoyment of all rights and privileges pertaining to him as a member thereof.
He bases his right to the relief asked upon the following grounds:
That in 1858, upon the organization of the college, he became “a member or corporator thereof/’ and that on the 1st day of December, 1870, the college, “without authority of law, against right, without sufficient cause, and in violation of the corporate rights and privileges” of complainant, adopted a series of resolutions expelling him from the corporation and forbidding its members to hold professional intercourse with him; since which time the college and the members thereof have refused to recognize him as a member, and have denied to him his rights and privileges as such.
The College of Physicians and Surgeons is a private corpo *544 ration, intrusted with the performance of no governmental function, and having no right to exercise any power of a public nature. Its officers are the mere agents of a private institution, holding their positions at the will of the members of the corporation, having no duties to discharge except such as may be prescribed by the by-laws and regulations of the college. The act of incorporation invests the college with none of the attributes of sovereignty, and answers no other purpose than to constitute it a body politic, with power to hold and enjoy a limited amount of property, to make contracts, and to sue and be sued in the courts of the country. That there should be no semblance of authority to exercise powers of a quasi public nature, the corporation is forbidden to “ create professorships, deliver lectures, or confer degrees in medicine or surgery.”
This court concurs with the judge of the court of common pleas in the opinion that mandamus will not lie against a corporation of this character, nor against the officers thereof. Whatever may have been the rule at common law, the legislature has restricted the application of the writ in this state by providing that “the writ of mandamus, as treated of in this chapter, is an order of a court of competent and original jurisdiction commanding an executive or ministerial officer to perform or omit to do an act, the performance or omission of which is enjoined by law, and is granted on the motion of the party aggrieved, or of the commonwealth when the public interest is affected.” (Civil Code of Practice, sec. 526.)
The College of Physicians and Surgeons and its officers are not in any sense executive or ministerial officers, and they can no more be reached by mandamus than can a private individual.
It is true that the Code of Practice, in its general scope, is not a statute granting rights, but one defining remedies for the enforcement of rights. In defining the remedy asked for in *545 this proceeding it confines its application to certain classes of persons, and the courts can not, upon the idea that it should •be liberally construed, extend it to other persons than those embraced by the classes named by the legislature.'
As the petition failed to state facts entitling, appellant to the special relief asked for, the demurrer was properly entertained.
Section 523 of the Civil Code does provide that the party against whom the mandamus is sought shall file an answer, but it was not intended that he should be required to answer a petition setting up no cause of action.
It is unnecessary to inquire whether the appellant’s petition would have been good in case appellees could have been reached by mandamus. -
Judgment affirmed.