CASE 67—PETITION EQUITY—DECEMBER 2.

# Schmidt v. Abraham Lincoln Lodge.

APPEAL FROM KENTON CIRCUIT COURT.

1. WHERE A BENEFIT SOCIETY HAS PROVIDED THE METHOD FOR THE EXPULSION OF ITS MEMBERS, the courts will not undertake to supervise its action by determining that its judgment of expulsion in a particular case was not in accordance with its by-laws, or was for causes that had no foundation in fact; but where the expelled member has appealed to a higher tribunal within the order, as provided by its rules, and that tribunal has reversed the decision of the inferior tribunal, and ordered it to restore the expelled member to all the privileges of the order, he will be treated by the courts as a member where his right to share in the funds of the society is involved, provided the appellate tribunal within the order is without power to enforce its order of restoration. The chancellor, however, can not restore the expelled member to membership, or require that he shall be permitted to attend the stated meetings of the society.

2. MANDAMUS WILL NOT LIE to compel the officers of a benefit society to restore an expelled member.

A. DUVALL FOR APPELLANT.

1. When property belonging to such an organization as the appellant has been taken from its members by the mere arbitrary will of those constituting the judicature of such organization, without regard to the constitutional restraints by which such property rights should be protected, the civil courts may interfere. (Gartin, &c., v. Penick, 5 Bush, 113; Kinkead v. McKee, 9 Bush, 536.)

Schmidt v. Abraham Lincoln Lodge.

2. Appellant is not entitled to a writ of mandamus to compel the appellee to obey the order of the Grand Lodge restoring the appellant to his membership, and to all its incidental rights and benefits.    Mandamus will not lie against a private corporation, or the officers thereof, intrusted with the performance of no governmental function, and having no right to exercise any power of a public nature. (Cook v. College of Physicians, &c., 9 Bush, 541.)

D. A. GLENN AND J. M. TISDALE FOR APPELLEE.

1. The allegation of appellant that he was unlawfully expelled from the order is a conclusion of law.    He should have alleged the facts upon which the expulsion rested.

2. If the appellant failed to have the order of the higher court obeyed, or if there was no power in the higher court to compel an obeyance of its order, that was the misfortune of appellant, and affords no ground upon which to ask the courts of law to investigate the grounds of expulsion in a proceeding of this character.

3. Appellant's remedy, if he had any, was by a mandamus against the appellee to compel it to restore him to his rights in the order.

4. Appellant has acquiesced too long in the refusal of the appellee to restore him to membership to now complain.    (Bostwick v. Fire Department, — N. W. Rep., 501.)

5. Appellant is not entitled to have the civil courts inquire into the legality or regularity of the proceedings by which he was expelled. (Hitter v. German Roman Catholic Society, 4 Ky. Law Rep. 872; Society for Visiting the Sick v. Commonwealth ex rel, Meyer. 52 Pa.; s. c. 6 Am. Law Reg., N. S., 633; Osceola Tribe Independent Order of Red Men v. Schmidt, 57 Md.; s. c. 25 Alb. Law J., 333; Anacosta Tribe of Red Men v. Murbock, 13 Md., 94; Black, &c., v. Vandyke, 2 Wharton, 309.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Abraham Lincoln Lodge, the appellee herein, was incorporated by an act of the Legislature approved January 29th, 1870, and by the provisions of its charter the association was authorized to make a constitution and by-laws for the government of its members; also, by section 3, to levy and collect fees for membership and stated dues, to prescribe its own mode of paying or loaning out its surplus money, or to invest it; also to create a treasury for the support of sick

and unfortunate members, and in case of death, to aid their widows and children.

The appellant, Schmidt, was one of the incorporators and a member of the order, and had been, for a number of years, paying his annual dues with the other members, from which a considerable fund was raised for the charitable objects contemplated by the organization. He executed to the corporation his note for the money in controversy, it being a part of the fund belonging to the association.

This action was brought on the note by the corporation, and the defense interposed by the original answer of the appellee is, that he had been unlawfully and wrongfully expelled from all the privileges and benefits of the association, and was, therefore, entitled to his proportionate share of the fund with the other members, and that the share would exceed the amount of the note sued on. That the funds of the association are loaned out to the members, and the sum evidenced by the note was so loaned to him. It is also alleged that, in addition to the fund arising from the dues or fees paid, a still larger fund has been accumulated by the association. He asks that the case be transferred to equity, and an equitable distribution made between the members, and for all other proper relief.

To this answer a demurrer was sustained, and, we think, properly, because, in becoming a member, the appellant agreed to abide by such rules and regulations as might be adopted by the organization for the control of its funds and the government of its members, and the association providing the method for the expulsion of its members, this court will not undertake to super-

vise its action by determining that its judgment was not in accordance with its by-laws, or for causes that had no foundation in fact. The tribunal existing within the organization must alone determine such a question.

An amended answer was filed by the appellant that is entitled to more consideration, and if the facts alleged are true, and must be so regarded on the demurrer filed to that pleading, the appellant is entitled to some relief.

It is alleged by the appellant in his amended answer that he appealed from the judgment of expulsion to a higher court, as provided by the rules of the order, a court having complete jurisdiction of the rights involved, and that court (the Grand Lodge) reversed the judgment of the inferior tribunal, and ordered it to restore the appellant to all the privileges of the order. That the appellee refused to obey the order, and still excludes the appellant from all the privileges and benefits of the association; and if the averments of the amended answer are sustained, the expulsion becomes permanent by the mere arbitrary will of the appellee, and the appellant no longer entitled to any of the benefits of the order, or to enjoy any portion of the fund that his means have aided in creating, unless a court of equity can interpose.

The cases cited by counsel for the appellee only decide that in this character of association, where the member has been expelled, or his rights determined by a tribunal of his own selection, relief will be denied him by the judicial tribunals of the country for that reason, nor will they stop to inquire whether the action of the judicature of the society was irregular or the expulsion made without cause.

Some of the authorities maintain that mandamus is the proper remedy for such a wrongful act, but this court, in the case of Cook v. The College of Physicians and Surgeons, 9 Bush, 541, in construing the provisions of the Code of Practice relating to this writ, held that whatever might have been the common law rule, the Legislature had restricted the application of the writ in this State by confining it to executive or ministerial officers, who had failed to perform or omitted to do some act, the performance or omission of which is enjoined by law.

The officers of this association are neither executive or ministerial officers within the meaning of the Code, and can not be reached by such a proceeding.

The case then stands with the appellant, a member of the association, who has paid his dues and is interested in the fund, and still denied the right to enjoy any of its benefits. The chancellor will not or can not restore him to membership, or require that he shall be permitted to attend their stated meetings, but he can say that this corporation is the trustee for its members, and holds the money for the benefit of each and every member for the objects contemplated by the charter, and should withhold relief by refusing judgment for the appellee until complete equity is done appellant. The specific relief to which the appellant is entitled can not well be determined upon the demurrer to the answer as amended.

How much money he has paid in, or the amount paid to him by way of benefits, does not appear, but his right to participate in the fund clearly exists, if his statements are true. This is based on the idea that the

Schmidt v. Abraham Lincoln Lodge.

Grand Lodge is without power (as seems to be conceded by counsel) to enforce its order of restoration ; for if it has, the chancellor will not interfere.

We find no such power in the charter before us, nor has our attention been called to any rule or by-law on the subject.

The right of property is involved in this controversy, and a majority of those in interest have no such arbitrary power as to deny to the minority, or one of its members, the right to participate in the benefits arising from the common fund.   If the member is expelled, and the order stands unreversed, he is not a member ; but as the case is presented by the pleadings, the appellant, being a member, with all the rights and privileges enjoyed by those associated with him, can not be deprived of his interest.

The note evidences a part of this fund, and the chancellor should not coerce its payment until this case is heard on the merits, as the amended answer standing confessed entitles the appellant to relief.

The judgment below is reversed, and cause remanded with directions to overrule the demurrer to the answer as amended, and for proceedings consistent with this opinion.