Vol. 103]    JANUARY TERM, 1898.    **415**

Wellenvoss, etc. v. The Grand Lodge of Knights of Pythias of Ky.

CASE 60—PETITION EQUITY—APRIL 16.

# Wellenvoss, Etc. v. The Grand Lodge of Knights of Pythias of Kentucky.

### APPEAL FROM PULASKI CIRCUIT COURT.

1. BENEVOLENT ASSOCIATIONS—SOCIAL AND PROPERTY RIGHTS OF MEMBERS—INJUNCTIONS.—Where no property rights are involved a chancellor will not, in a suit by a subordinate lodge and a member of it, interfere with the social relations of a benevolent association, and by mandatory injunction compel the grand lodge of such association to impart to a member of a subordinate lodge the pass word of the grand lodge, and to receive him as a delegate to such grand lodge from the subordinate lodge.

O. H. WADDLE FOR APPELLANTS.

1. Unless it is shown that a member of a benevolent order has violated some rule, by-law, or regulation thereof by which he has forfeited his rights as a member, the courts will take and exercise whatever jurisdiction is necessary to protect him in his

rights as such. Am. & Eng. Ency. of Law, vol. 22, page 812 and notes; Supreme Lodge v. Johnson, 78 Ind., 110; Am. & Eng. Ency. of Law, vol. 10, page 956; 4th Am. & Eng. Corporation Cases, 22.

2. No charges ever having been preferred against appellant, Wellenvoss, as required by the by-laws of the order, he could not prosecute an appeal to the supreme lodge.

W. A. MORROW AND JAS. W. GARRISON FOR APPELLEES.

1. Courts will not take cognizance or jurisdiction of questions between fraternal and voluntary associations and their members, unless it is distinctly alleged that a right to or in property is involved, or is in jeopardy. Rigsby v. Connol, 14 Law Rep., Chancery Division; Garten v. Penick, 5 Bush, 113; Shannon v. Frost, 3 B. M., 253; Grand Lodge v. Waldeck Lodge, recent Ill. case; Schmidt v. Abraham Lincoln Lodge, 84 Ky.; Pomeroy's Equity Jurisprudence, sec. 1343; High on Injunctions, sec. 1164.

2. Wellenvoss having charges pending against him stands suspended as to his rights in the grand lodge; the legal presumption is that the expulsion, or suspension, of a member of such order is regular. Shannon v. Frost, 3 B. M., 253.

3. The member of such an order, who has been suspended, or expelled, has no right of resort to the civil courts, until he exhausts his remedies within the order. Poultman v. Bachman, 31 Hun., 53; Supreme Council v. Forsinger, 125 Ind., 59; Blumenfeldt v. Borschenck, 43 Ill. Appeals, 435; Grand Lodge v. Waldeck Lodge, recent Ill. case.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellants, Henry Wellenvoss and Uhland Lodge No. 4 Knights of Pythias, of Louisville, Ky., by this proceeding in the circuit court sought a mandatory injunction against appellees Thos. B. Matthews, Grand Chancellor of the Grand Lodge of the Knights of Pythias of Kentucky and the Grand Lodge of the Knights of Pythias of Kentucky, commanding Matthews, as Grand Chancellor to impart to appellant Wellenvoss the pass-word of the Grand Lodge and commanding the Grand Lodge to receive Well-

envoss into its body and to permit him to participate in its deliberations as a regular authorized delegate of appellant Uhland Lodge, at the regular session of that body at Somerset, Ky., in September, 1895.

The petition alleges that appellant Wellenvoss is a member of Uhland Lodge in good standing and has been since 1869, and that Uhland Lodge is a member in good standing of appellee Grand Lodge, and as such member is entitled to representation in the deliberations of said body, as well as to all the rights and privileges pertaining thereto, and in accordance with its rights had selected and commissioned appellant Wellenvoss as its representative to the Grand Lodge and that appellees had wrongfully and without right or authority excluded appellant Wellenvoss from its deliberations.

The petition also alleges that both appellant Uhland Lodge and appellee Grand Lodge are benevolent societies, the appellant being subordinate and deriving its charter from appellee.

It is alleged that appellant Wellenvoss, by the laws of of the order, pays regular dues to appellant Uhland Lodge, to be used as the lodge chooses according to its laws. That Uhland Lodge pays regular dues to the Grand Lodge to defray its legitimate expenses, etc.

It is alleged that unless the court grant a mandatory injunction that great and irreparable injury will be done to both appellants, in that, Wellenvoss will be deprived of his rights as representative and Uhland Lodge will be denied its right of representation.

Appellants, when they filed their petition, gave notice

and afterwards entered motion before the judge of the circuit court in chambers, for the writ.

Appellees appeared and filed demurrer and also filed answer, also affidavits denying appellants' right to the relief sought.

Appellants filed affidavits in support of the motion and on hearing before the judge in chambers, the writ was refused.

Appellants afterwards filed an amended petition, in which the only allegation is, that both appellant Uhland Lodge and the appellee Grand Lodge are regular incorporated bodies by the laws of Kentucky.

On final hearing the court sustained a demurrer to the petition as amended and appellants declining to plead further, the action was dismissed and from that judgment this appeal is taken.

The question presented by this appeal is, does the petition as amended present a cause of action.

By the allegations of the petition, there is no right of property involved, the only right claimed to have been violated is the social right of Wellenvoss to participate in the deliberations of the Grand Lodge and the right of Uhland Lodge to have representation. It is not alleged that appellee Grand Lodge absolutely refused Uhland Lodge representation, but taking the pleading in its usual way, most strongly against the pleader, the only denial by the Grand Lodge was the right of Wellenvoss to represent Uhland Lodge; which was not a property or civil right but only social.

The petition alleges that over the subordinate lodges of

which Uhland Lodge is one, there is a Grand Lodge for the State, appellee; and over the Grand Lodge of the several States a Supreme Lodge.

It is argued by appellee that as appellants have informed the court of the existence of a Supreme body that the natural presumption would follow that appellants had a right of appeal to that tribunal and could not be heard to complain in the courts until at least they had exhausted all the remedies provided in the order.

There is force in this contention but we are not prepared to say from this record that this right of appeal actually exists. The supervisory powers of the Supreme body over the Grand Lodges, nor of the powers of the Grand Lodges over the subordinate lodges is not disclosed by the pleading and we decline to speculate or presume as to these powers.

By this action the chancellor is asked to compel the proper officer of a secret benevolent society to impart to a person the secret pass-word that will admit that person to the meetings. This is sought because it is alleged, and for the purposes now will be taken as true, that if appellant Wellenvoss be not admitted great and irreparable injury will be done, both to Wellenvoss and Uhland Lodge.

It is alleged that Wellenvoss pays dues to Uhland Lodge and that Uhland Lodge pays dues to the appellee, the latter being its pro rata of the legitimate expenses of appellee. We are of opinion that there is no right of property involved. It is not alleged that by the denial of appellee to admit Wellenvoss to its councils, that appellant Uhland Lodge will lose any right of property or be en-

420      KENTUCKY REPORTS.      [Vol. 103

Wellenvoss, etc. v. The Grand Lodge of Knights of Pythias of Ky.

dangered in any right of property. It is not alleged that appellee is possessed of any property in which appellant Uhland Lodge has an interest.

It is not alleged that by the failure of Wellenvoss to gain admittance to the appellee as the representative of Uhland Lodge that he will lose any rights of property either in the Grand Lodge, or in Uhland Lodge.

The allegation that Wellenvoss pays dues to appellant Uhland Lodge and that lodge to appellee and that both bodies are chartered benevolent societies does not of itself state such rights of property as would authorize the chancellor to interfere because of the alleged violation of property rights. There should be some allegation showing that there is property or funds in the hands of the society in which a party is directly interested before he can ask the aid of the court for relief. We are referred to no case that has ever held that it was within the province of a court of equity to compel by any process that the secret pass-word or secret work of any social or benevolent society be imparted to a person. On the contrary it has been held repeatedly by this court that courts of equity can not revise or question ordinary acts of church discipline, and in the case of Schmidt v. Lodge, 84 Ky. 490, this court said: "The chancellor will not or can not restore him to membership or require that he shall be permitted to attend their stated meetings."

We are of opinion that as no right of property is involved, that the chancellor could not interfere with the social relations of this society and therefore properly denied the mandatory injunction.

Judgment affirmed.