## Wilkins v. Brotherhood of Railroad Trainmen.

(Decided Dec. 1, 1936.)

378

L. B. ALEXANDER for appellant.

W. A. BERRY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

George W. Wilkins, a railroad brakeman, suffered the loss of practically all of his fingers on one hand in an accident. He was a member of the Brotherhood of Railroad Trainmen and held a contract of insurance for a maximum sum of $5,000 in case of loss of any of certain enumerated parts of his body, which included a hand. Having been denied payment, he sued and recovered judgment against the Brotherhood. But it was reversed upon the ground that his injury did not come within the casualties specified in section 68 of the Constitution and by-laws of the order, which gives to its members holding such policies the absolute and legal right to indemnity. Brotherhood of Railroad Trainmen v. Wilkins, 257 Ky. 331, 78 S. W. (2d) 6. We held that whatever claim Wilkins had against the Brotherhood was covered by section 70 of the constitution and by-laws, which reads as follows:

"All claims for disability not coming within the provisions of section 68 shall be held to be addressed to the systematic benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood. Every such claim shall be referred to the beneficiary board composed of the president, assistant to the president and general secretary and treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and if approved by said board the claimant shall be paid an amount equal to the full amount of the certificate held by him and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of said board shall be required as a condition precedent to the right of any such claimant to benefits hereunder, and it is agreed that this section may be pleaded in bar of any suit or action at law or in equity which may be commenced in any court to

enforce the payment of any such claims. No appeal shall be allowed from the action of said board in any case; but the general secretary and treasurer shall report all disapproved claims made under this section to the board of insurance at its next annual meeting for such disposition as such board of insurance shall deem just and proper."

The provision has been many times sustained and held by this and most of the other courts of the country not to give the members of the Brotherhood an absolute enforceable claim, but merely to bring them within a class which may share in such benevolences or special financial assistance as may be granted by its officers in their discretion. Starks v. Grand Lodge Brotherhood of Railroad Trainmen, 259 Ky. 213, 82 S. W. (2d) 328; Brotherhood of Railroad Trainmen v. Powers, 260 Ky. 810, 86 S. W. (2d) 1001, and cases cited therein; Couch's Cyc. of Insurance Law, sec. 354a; Kelly v. Brotherhood of Railroad Trainmen, 308 Ill. 508, 140 N. E. 5, 29 A. L. R. 243; Grand Lodge, Brotherhood of Railroad Trainmen v. Smith, 129 Miss. 738, 92 So. 837, 27 A. L. R. 863.

Upon the return of the case the appellant amended his petition and made the following allegations and charges: He had presented proof of total and permanent disability under section 70, "in all respects as required by the constitution and by-laws." He had lost his position and was disabled from performing labor of any kind in railroad service, which was his only business and occupation and in which he had always been engaged. The board referred to in section 70, he alleged, had no right or authority to decide anything except the character and sufficiency of the proof furnished by him. There were set forth in the amended petition twelve names of members of the order, with their addresses, to whom payments had been made because of disability exactly like or similar to his, and it was stated there were others unknown to the plaintiff. Eight of these enumerated members were shown to have suffered only the loss of fingers or partial amputation of a hand, but the board had declined to pay him, although he was totally or permanently disabled on account of like impairment. The plaintiff charged that the decision and finding of the board was arbitrary and "against the law and the facts, and was for the fraudulent purpose

of defeating'' his claim under his policy of insurance. Further pleading, he alleged that before he suffered his injury the defendant had established a general, uniform, and recognized custom of allowing claims for the partial amputation of a hand, which custom was still in force, and that a fund had been created for the purpose of paying such claims, to which he (the plaintiff) had regularly made monthly payments. He further pleaded that the terms of section 70, declaring that the claims covered by it should not be made the basis of any legal liability on the part of the Brotherhood, were illegal and not binding upon him, as he has the right to have the court determine that matter and to determine his rights under the policy sued on. He prayed judgment against the defendant, as in his original petition.

A demurrer was sustained to the petition as amended. The plaintiff declined to plead further, suffered its dismissal, and brings an appeal.

In brief, other than a plea of invalidity of part of section 70 of the constitution and by-laws, the allegations of the petition now are that the tribunal of the Brotherhood to which he had submitted his claim based on total and permanent disability, under the provisions of section 70, had erroneously denied it, and he had been discriminated against in the matter of awarding or distributing the relief funds of the order; that the board had no authority but to decide that he is permanently and totally disabled; indemnity following as a matter of law.

In Brotherhood of Railroad Trainmen v. Martin, 256 Ky. 436, 76 S. W. (2d) 269, 271, a claim of this character had been asserted by a member of the order under its pension plan, which seems to be intermediary of the absolute insurance provisions of section 68 and the classification of objects of beneficence provision of section 70. Nevertheless, the matter of recognizing such a claim came within the terms of section 70. An attack was made there, as is made here, upon the by-laws of the order, which declared that the decisions of the tribunals shall be final, and that there may never be recourse to the courts by a member who is aggrieved by those decisions. The case was decided, however, upon the ground that in settling a claim for insurance Martin had executed a receipt and release broad enough to cover his claim under the pension provision. Somewhat in anticipation

of reformation of the instrument of release, and to respond indirectly to the contention of unfair treatment at the hands of the Brotherhood, which the member had bound himself by his contract of membership to accept, we observed that the plaintiff would "have the right to show upon a proper pleading that he had not been given a fair, reasonable, and impartial hearing and that he was entitled to an injunction requiring the boards to hear his cause; or, if he had been given a hearing, that the action or decision of the board was arbitrary or fraudulent." The appellant in the case at bar rests his case upon that observation or dictum.

Something of the nature and character of the appellee association is given in Brotherhood of Railroad Trainmen v. Woods, 256 Ky. 613, 76 S. W. (2d) 911.

The right of members of fraternal and other voluntary associations or societies to resort to the courts for relief in intra-fraternal matters has often been the subject of litigation. Where there is no obligatory contract or property right involved, as distinguished from those intangible privileges arising in fraternalism or from mutual moral obligations or confidences, the courts decline to interfere. In such controversies they will take no jurisdiction. It is generally acknowledged that in their own field the decisions of tribunals of a society in matters of discipline, internal economy, and policy not involving property rights are supreme and conclusive. 19 R. C. L. 1225; Bacon, Life and Accident Insurance, secs. 131, 134; Schmidt v. Abraham Lincoln Lodge, 84 Ky. 490, 2 S. W. 156, 8 Ky. Law Rep. 655; Wellenvoss v. Grand Lodge, K. of P., 103 Ky. 415, 45 S. W. 360, 20 Ky. Law Rep. 113, 40 L. R. A. 488; Pennsylvania Company v. Reager's Adm'r, 152 Ky. 824, 154 S. W. 412, 52 L. R. A. (N. S.) 841, Ann. Cas. 1915B, 312.

Where there is involved some sort of property right, contingent or conditional, or that class of privileges of an intangible nature springing from membership—short of an explicit contract obligation—it calls for the application of a different rule. Where regulations of a society require members to submit their claims to the determination of designated officers and to abide by their decision, the regulations are upheld if reasonable, and the decision of the officers are regarded as conclusive upon the members; the courts not interfering unless it is made manifest that the action of the so-

ciety's final tribunal was essentially unfair, arbitrary, or oppressive or fraudulent. Pennsylvania Company v. Reager's Adm'r, supra; Reager's Adm'x v. Pennsylvania Company, 169 Ky. 479, 184 S. W. 395; 14 R. C. L. 1254; Robinson v. Brotherhood of Railroad Trainmen, 80 W. Va. 567, 92 S. E. 730, L. R. A. 1917E, 995.

But we do not regard a claim under the terms of section 70 of the constitution of this society as coming even within that class of complaints. This provision has been often construed as meaning only that in the discretion of the tribunals set up by the fraternity an afflicted member may be entitled to financial assistance, but he has no enforceable claim of any kind. It is merely a matter of grace and charity of his brethren to be granted or withheld as those in authority may choose. A member of a church congregation could just as well have the courts compel his brethren to make a charitable donation to him in his need. The entire record in this case shows that the appellant submitted a claim for assistance and it was turned down. The merits of his claim cannot be reviewed by the courts.

The petition as amended continued to ask judgment for $5,000 against the Brotherhood, based merely upon the allegations of a wrongful decision and discrimination by the tribunal which he had agreed should determine the matter of his application. The facts alleged do not manifest an arbitrary decision, and there is no prayer conformable even to the dictum of the Martin Case, which involved a claim under a pension certificate, that a court of equity might require the Brotherhood to afford a member a hearing on his applications for financial help.

The judgment is therefore affirmed.