No. 40,973

EDWARD HILL, *Appellant*, v. THE PRINCE HALL GRAND LODGE, FREE AND ACCEPTED MASONS OF KANSAS, A FRATERNAL CORPORATION, and P. G. PORTER, Grand Master of said Corporation, and P. G. PORTER, Individually, and WILLIAM H. TOWERS, Deputy Grand Master of said Corporation, and WILLIAM H. TOWERS, Individually, *Appellees*.

(325 P. 2d 334)

Opinion filed May 10, 1958.

*Elmer C. Jackson, Jr.,* of Kansas City, argued the cause, and *James P. Davis,* of Kansas City, was with him on the brief for the appellant.

*P. A. Townsend,* of Topeka, argued the cause, and *William H. Towers,* of Kansas City, was with him on the brief for the appellees.

The opinion of the court was delivered by

JACKSON, J.: In the court below, appellant filed his action for a declaratory judgment against The Prince Hall Grand Lodge, Free and Accepted Masons of Kansas, and against certain persons as officers of the Grand Lodge and individually. An original petition and an amended petition were filed in which appellant sought to have the court interpret a certain constitutional provision in the constitution of the Grand Lodge differently than said constitutional provision had been interpreted by the Jurisprudence Committee of the Grand Lodge. This particular constitutional provision will

be summarized below. Certain demurrers and motions were leveled at the first and amended petitions, and thereafter appellant filed his supplemental petition. This petition is in reality an amended and supplemental petition and was so treated by the court below and will be so considered by this court. While not important, the date of the filing of this pleading apparently does not appear in either the abstract or the counter abstract. Appellees demurred to the amended and supplemental petition and the district court sustained the demurrer. Appellant appeals from that ruling.

In making the ruling below, the district court wrote a memorandum opinion which summarizes the pleadings and the reasons for his ruling. The opinion is a part of the abstract, and we shall quote it in its entirety:

"The plaintiff filed this action on March 10, 1956, for a declaratory judgment and the matter is now pending before me on a demurrer to the supplemental petition of the plaintiff.

"The defendants contend that the plaintiff's amended petition was stricken so that there is nothing to support a supplemental petition in this action, and that the supplemental petition must at least be strictly construed against the pleader, and the defendants direct the Court's attention to the rulings on numerous motions heretofore argued before the other divisions of the court. To attempt to review all of these rulings for the purpose of answering the above contentions of the parties would involve considerable time and effort and in view of the Court's ruling would serve no useful purpose. The petition is, in fact, an amended and supplemental petition and it will be considered as such for the purpose of this ruling.

"The gist of the plaintiff's contention as set forth in the supplemental petition is that the defendant, Prince Hall Grand Lodge, is a corporation, and that the other defendants are officers of the lodge; that there is a provision in the Constitution of the lodge limiting the tenure of the grand master and deputy grand master to not to exceed four consecutive terms, but that notwithstanding this provision the defendants P. G. Porter and William H. Towers have been elected to the offices of grand master and deputy grand master respectively continuously since 1947; that at the annual meeting of the Grand Lodge in 1956 the defendants in order to perpetuate themselves in office conspired to repeal the section of the Constitution referred to above, and in furtherance of such conspiracy the defendants, among other things, refused to recognize or properly count and tally the votes of members opposing the repeal of this section and declared the section repealed, whereas in truth and fact there were sufficient votes against the repeal of said section to defeat it had the votes been properly counted. The petition further alleges that following the vote on the amendent the defendants immediately held an election for officers of the Grand Lodge without permitting nominations or recognizing members in opposition thereto, and that as a result all were re-elected to their respective offices. The

plaintiff prays the Court for a declaratory judgment decreeing the original Constitutional provision limiting tenure to be in full force and effect. He does not ask that any of the officers of the defendant lodge be ousted, but asks that the Court decree that the Constitutional limitation on tenure was not properly and validly repealed, and that the same is in full force and effect.

"The question before the Court is whether the supplemental petition sets forth an actual controversy within the meaning of the declaratory judgment act. If it does, the law is well settled that the demurrer should be overruled. If not, then the demurrer should be sustained.

"The defendant Prince Hall Grand Lodge is a corporation organized under the laws of Kansas. Insofar as the question here is concerned, however, I do not believe that the laws governing ordinary business corporations are applicable; rather, the laws governing fraternal and mutual benefit societies, whether incorporated or not, are applicable.

"The defendant lodge is organized for fraternal and benevolent purposes, and it is the general rule that courts will not interfere with the internal affairs of such an organization except so far as may be necessary to protect pecuniary or property rights (10 C. J. S. 311, Beneficial Associations, Section 65; 38 Am. Jur. 481, Mutual Benefit Societies, Section 481; Reno Lodge v. Grand Lodge, 54 Kan. 73). To invoke the aid of the Court, therefore, plaintiff's supplemental petition must allege facts showing that defendants' actions jeopardize or in some manner violate a pecuniary or property right of the plaintiff. Although the petition in this case alleges that the plaintiff is a member of the lodge and that he pays certain monthly dues for the support of the lodge and for various benevolent activities including a widows' and orphans' fund and a burial fund from which the beneficiaries of each member in good standing upon his death are entitled to receive certain benefits, the petition does not allege nor state facts showing that the rights of the plaintiff or any of his beneficiaries in and to such benefits have been jeopardized by the acts of the defendants in getting themselves re-elected to office in the manner complained of. The most the petition alleges is that such practices on the part of the defendants P. G. Porter and William H. Towers *may* seriously affect the financial stability of the lodge, *may* cause loss of memberships, inability to pay benefits, and lack of confidence in its officers, and will destroy the peace and harmony of the lodge. In my opinion this is not a sufficient allegation of injury or invasion of a property or pecuniary right of the plaintiff to entitle him to invoke the aid of the Court.

"It is therefore my opinion that the supplemental petition does not state an actual justiciable controversy within the meaning of the declaratory judgment act, and that the defendants' demurrer should be sustained. This ruling is to be effective as of the date an approved journal entry is presented for my signature." ·(Italics by the district court.)

It would seem that the trial court has sufficiently summarized the allegations of the appellant's supplemental petition for the purposes of this appeal. The learned trial judge very pertinently pointed out that the only interest held by appellant in this dispute,

referred to in the supplemental petition, was as a mere member of the organization. Appellant was not even a candidate, as far as shown by the supplemental petition, at any of the annual elections referred to in the supplemental petition. He only feared that the Grand Lodge *"may"* fall upon evil days, if the present Grand Master and Deputy Grand Master remain in control of the Grand Lodge. It would seem that there is little indication of any property or monetary interest of the appellant shown in the supplementary petition. One is reminded of the classical, old case on the question of justiciable controversy found in the reports of the Supreme Court of the United States. In the case of *Muskrat v. United States* (1911), 219 U. S. 346, 31 S. Ct. 250, 55 L. Ed. 246, Congress had directed a member of the Cherokee Indian Tribe to determine the constitutional validity of an act of Congress to increase the number of persons entitled to participate in the division of Cherokee lands and funds by bringing a suit against the United States in the Court of Claims. On appeal from that court the Supreme Court held that there was no justiciable controversy involved in the case which it, a constitutional court, could consider since the United States had no interest in the land and funds of the Cherokees.

For additional cases of our own upon the same point, we would refer to *Zeidler v. Knights of Columbus*, 172 Kan. 557, 241 P. 2d 761, where the present Mr. Chief Justice Parker, in speaking for the court, said:

"There can be no doubt that in ruling on the demurrer the trial court was laboring under no misapprehension as to what plaintiff was required to set forth in his petition in order to state a cause of action under our decisions. Whatever may be held elsewhere the rule in this jurisdiction has always been that courts will not interfere and take jurisdiction of cases involving the disciplining, expulsion, or suspension of members of fraternal and benevolent societies unless and until it appears such members have exhausted the remedies available to them within the Orders to which they belong. For our latest decision on the subject, to which we adhere, see *Porth v. Local Union 201,* 171 Kan. 177, 231 P. 2d 252. For others, wherein the same rule has been recognized, applied, and adhered to, see *Reno Lodge v. Grand Lodge,* 54 Kan. 73, 37 Pac. 1003; *Moore v. National Council,* 65 Kan. 453, 70 Pac. 352; *Modern Woodmen v. Taylor,* 67 Kan. 368, 71 Pac. 807; *Flynn v. Brotherhood of Railroad Trainmen,* 111 Kan. 415, 207 Pac. 829; *Wichita Council v. Security Benefit Ass'n,* 138 Kan. 841, 28 P. 2d 976; *Radio Station KFH & Co., v. Musicians Ass'n, Local No. 297,* 169 Kan. 596, 220 P. 2d 199; and other decisions therein cited." (p. 558.)

In the Zeidler case, Zeidler had himself been disciplined. Here, appellant Hill has been compelled to see officers elected in the Grand Lodge, whom he seems to have opposed.

We are convinced that the declaratory judgment act (G. S. 1949, 60-3127) was not designed to interpret the constitutions of fraternal organizations, if the members thereof be disputing among themselves over the proper construction to be applied. (See *Wellenvoss v. The Grand Lodge of Knights of Pythias of Ky.*, 103 Ky. 415, 420, 45 S. W. 360.)

Appellant raises in this court the question of whether the issue of justiciable controversy in the supplemental petition is not *res judicata*. To support the affirmative of such proposition, appellant attempts to point out certain statements of one of the trial judges handling the pleadings on motions to make definite and certain and to strike. There are no cases holding that even orders relative to such motions would be considered sufficient to invoke the principle of *res judicata*.

In *Restatement, Judgments*, § 41, it is said:

"The rules of *res judicata* are not applicable where the judgment is not a final judgment."

There has been no judgment in this case at all. See: *Sherburne v. Strawn*, 52 Kan. 39, 34 Pac. 405; *Parks v. Monroe*, 99 Kan. 368, 161 Pac. 638; *Tootle v. Coleman*, 107 Fed. 41, at page 47; *Fitzgerald v. Merard Holding Co.*, 106 Conn. 475, 138 Atl. 483, 54 A. L. R. 361; Bancroft, *Code Pleading*, § 226, p. 376; Clark, *Code Pleading*, 2d ed., § 84.

All other matters raised by the parties have been considered carefully, but this opinion need not be extended.

The order of the district court sustaining the demurrer to the appellant's supplemental petition is affirmed.