ED. G. MOORE v. THE NATIONAL COUNCIL OF THE
KNIGHTS AND LADIES OF SECURITY *et al.*

No. 12,587.    (70 Pac. 352.)

SYLLABUS BY THE COURT.

1. FRATERNAL ORDER—*Discipline of Members.*   Applying the
rule laid down in *Reno Lodge v. Grand Lodge,* 54 Kan. 73, 37
Pac. 1003, 26 L. R. A. 98, no error is found in the proceedings of
the defendant in error herein in disciplining one of the members
of the association.

2. JURISDICTION—*Estopped by Appearance.*   Where one appears
before a tribunal, in response to a citation so to appear and an-
swer for a specified offense, and does not ask for further time in
which to prepare his defense, or for greater detail in the specifi-

Moore v. National Council.

cation of charges, but only urges the non-jurisdiction of the tribunal to try, he waives both of such objections.

3. FRATERNAL ORDER—"*Due Process of Law.*" Due proceedings. based upon proper by-laws, of a voluntary association, in the disciplining of its members thereof, constitute due process of law, and such proceedings may go to the length of the expulsion of a member, and thereby to the forfeiting of property rights which might accrue to such member.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed October 11, 1902.   Affirmed.

### STATEMENT.

DEFENDANT in error is a fraternal beneficiary society, of which plaintiff in error was a member.   One of its by-laws provides :

"No circular   .   .   .   relating to the ritual, laws or general management of the order, or abuse of any officer in the order, shall be published, issued or circulated by   .   .   .   a member of the order,   .   .   . unless the same shall bear the approval of the national council or executive committee, and, if issued and circulated without such approval, the member shall, upon proof thereof, be deemed guilty of 'improper conduct,' and be liable to suspension, at the discretion of the national council or executive committee."

Plaintiff was charged before the executive committee of the national council with publishing, issuing and circulating a certain libelous circular headed, "Call for delegate meeting, Knights and Ladies of Security." The circular contained severe charges against the general management of the order, imputing to it not merely incompetency but criminality, and called a meeting to consider the matters.   Its tendency was to discredit the order, and even went to the extent of a proposal to subvert the regular management by a revolutionary reorganization.   A citation was issued

and served personally on the plaintiff.    It was as fol-
lows :

"NATIONAL COUNCIL, KNIGHTS AND LADIES
OF SECURITY.
OFFICE OF NATIONAL PRESIDENT.

*"To Ed. G. Moore, Topeka, Kan.:*    You are hereby
cited to appear forthwith before the national execu-
tive committee of the Knights and Ladies of Security,
at the parlors in the third story of Security building,
701 and 703 Kansas avenue, Topeka, Kan.; to show
cause why you shall not be adjudged guilty of im-
proper conduct and suspended from the said order for
having violated the constitution and laws of the
Knights and Ladies of Security, by publishing, issu-
ing and circulating a certain libelous circular headed,
'Call for delegate meeting, Knights and Ladies of Se-
curity,' and signed by E. G. Moore, president, and
others, including yourself.    You will disregard this
citation at your peril.

"By order of the executive committee.

W. B. KIRKPATRICK, *National President.*

"Attest:  J. M. WALLACE, *National Secretary.*"

In response to this citation, plaintiff appeared at the
time and place indicated therein, and neither made re-
quest for further time nor objected to the proceedings
because he had not been sufficiently informed as to
the charges against him.    He admitted having signed
the circular referred to, but claimed that the execu-
tive committee had no jurisdiction, under the laws of
the order, to try the offense charged against him.
Thereupon the committee found him guilty and or-
dered his indefinite suspension from membership.

To compel rescission of this order and his reinstate-
ment in said defendant society, he brought his action
in *quo warranto* in the district court of Shawnee county,
which refused him relief, and he brings this proceed-
ing to reverse the action of said court.

*Thos. H. Bain, Waters & Waters,* and *Geo. W. Clark,* for plaintiff in error.

*G. A. Huron,* and *David Overmyer,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The overruling of the motion for a new trial is the only action of the trial court assigned as error.  In support of this several reasons are urged, all of which go either to the jurisdiction of the national council over the plaintiff in error, and the offense charged against him, or to the regularity of the proceedings had.  We find it more convenient to discuss these matters generally rather than specifically and *seriatim.*

The court has announced in *Reno Lodge v. Grand Lodge,* 54 Kan. 73, 80, 37 Pac. 1003, 26 L. R. A. 98 :

"Where the question involved is one of policy or discipline, courts will not ordinarily interfere, but will leave all such questions to be settled in the manner pointed out by the regulations of the order.  Such societies are formed by the purely voluntary association of individuals for the accomplishment of such objects as they have mutually agreed on."

The law is further laid down in the syllabus of the case as follows :

"Courts will not undertake to direct or control the internal policy of such societies, nor to decide questions relating to the discipline of its members, but will leave the society free to carry out any lawful purposes in its own way, and in accordance with its own rules and regulations."

The application of this rule to this case leaves us but to inquire whether there was a legal by-law applicable to the case of the plaintiff in error, whether the procedure by the executive committee in the trial

of the plaintiff in error was in good faith, in accord with such by-law, and not violative of the law of the land. We conclude that the by-law quoted in the statement of facts authorized the trial of the plaintiff in error for the offense charged before the executive committee. While other by-laws provide for the trial of other offenses committed by members of the order before a subordinate council, yet the terms of the quoted by-law seem clearly to commit to the executive committee, or the national council, the trial of the offense charged against the plaintiff in error.

It is urged that the notice served on him was ineffectual to confer jurisdiction, for the reason that it required him to appear forthwith, and because no copy of the charges accompanied the citation, as provided in one of the by-laws regulating the trial and procedure. It appears, however, that plaintiff did appear in obedience to the citation and made no objection to proceeding with the trial, except to urge the want of jurisdiction in the executive committee so to proceed, because of the want of a by-law conferring upon it such jurisdiction. He did not suggest that he was not fully informed as to the nature and character of the accusation against him, or that he desired further time, but, on the other hand, intimated that he was fully informed of the charges preferred, and did not wish for further time. We think that by so doing he waived both of these objections.

It is further urged that no proof was introduced against him on this investigation. The evidence on the trial in the district court shows that plaintiff in error freely admitted that he signed and published the circular. That being the offense with which he was charged, his admission waived further proof. It was proof.

It is further urged that, as the circular was an attack on the management of the affairs of the order by the national council, and as the executive council was largely responsible for that management, such charges were essentially an accusation against the executive committee, and, hence, to permit the executive committee to try the question of the guilt or innocence of the plaintiff in error was allowing a person to adjudge his own case, which is against public policy.   It might be a sufficient answer to this to say that the trial took place under the provisions of a by-law of the order to which plaintiff in error, by becoming a member thereof, fully assented, and as such falls within the principle announced in *Reno Lodge v. Grand Lodge*, supra. But, further than this, the offense charged against the plaintiff was one against the order fundamentally, and the aspersions contained in the circular were directed to the subversion and destruction, or, at least, to the serious injury, of the order.   It was the clear duty, under the rules of the order, for the executive committee, which in the interim of the sessions of the national council was charged with the protection of the interests of the order, to take such steps as would preserve the integrity of the society, although, incidentally in such proceedings, the correctness, or even honesty, of the actions of the committee might be drawn in question.   The ultimate fact to be tried was whether plaintiff had violated the rules of the order in his effort to rectify the abuses which he claimed had been committed.   The by-laws provide abundant means by which he might have presented and had investigated the charges which he made, other than those he used.   Instead of pursuing these, he chose to pursue others which were obnoxious to the by-laws of the order.   We think the executive

committee had a clear right to inquire into these unauthorized proceedings. It was not investigating the truth or falsity of the charges made by plaintiff in error. Their truth was not a justification for him. If he desired an investigation, he should have followed the law, not nullified it.

Upon the trial, the executive committee indefinitely suspended the plaintiff in error, and between the time of this action and receipt of the notice thereof by the subordinate council to which Moore belonged, he paid to his council certain dues owing from him, and it is claimed that the receipt of these dues waived the sentence of suspension. To this we do not agree. He was not suspended, so far as the subordinate council was concerned, until it had received official notification thereof. Up to this time he was a member, and, undoubtedly had he died prior to that time, his beneficiaries would have been entitled to receive the amount specified in his beneficiary certificate. Besides, the sentence was one of suspension only and not of expulsion. It might never become effective as to the subordinate council, and he had a right to keep his beneficiary certificate in full force, by the payment of dues thereunder until his suspension became effective, and this, and this only, he did.

It is further urged that the property rights of the plaintiff in error may not be taken from him except by due process of law. The correctness of this proposition is freely granted. The right to be free from discipline is not, however, a property right; and discipline may proceed to the point of suspension or expulsion from the order, even though such disciplinary measures result in the forfeiture of the rights of the expelled member. Beyond this, due proceedings, based upon proper by-laws of a voluntary association,

constitute due process of law as to members of such an association.

We are unable to find in the proceedings of the district court of Shawnee county, or its judgment upon the entire case, any error, and, hence, affirm its judgment.

All the Justices concurring.