No. 22,867.

ARTHUR TUCKER et al., *Plaintiffs*, v. J. M. KIRKPATRICK, as President, etc., of THE SECURITY BENEFIT ASSOCIATION, et al., *Defendants*.

### SYLLABUS BY THE COURT.

1. FRATERNAL BENEFICIARY SOCIETIES—*Laws Construed Most Favorably to Members.* Rule applied that laws of a benefit association are to be construed most favorably to members when their rights as holders of benefit certificates are affected.

2. SAME—*Constitution and By-laws Interpreted—Right of Members to Appeal to Supreme Council.* The constitution and by-laws of a benefit association interpreted, and *held*, members of a subordinate council have a right to appeal to the supreme council from the decision of a committee having jurisdiction of the subject dissolving the subordinate council. *Held further*, the members have a right, in such a case, to petition the supreme council for redress of grievance.

3. SAME—*Mandamus to Restore Charter to Subordinate Council—Writ Denied.* Writ of mandamus to restore the charter of a dissolved subordinate council denied to members who did not invoke remedies provided by the laws of the association.

Original proceeding in mandamus. Opinion filed May 20, 1920. Writ denied.

*J. J. Schenck, A. L. Lashbrook,* and *Edwin D. McKeever,* all of Topeka, for the plaintiffs.

*George R. Allen, Leonard S. Ferry, Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the defendants.

The opinion of the court was delivered by

BURCH, J.: The action is one of mandamus, to compel the national officers and national executive committee of the Security Benefit Association to restore the charter of Capital Council No. 1, a subordinate body of the association.

The plaintiffs are members of Capital Council No. 1, and are holders of beneficiary certificates issued by the association. They claim their insurance is jeopardized by dissolution of the subordinate council, which was effected by a decision of the national executive committee, a tribunal having jurisdiction

over the subject. It would not subserve any public or private interest to make a record in the Kansas reports of the details of the quarrel between the plaintiffs and the national organization. It is sufficient to say the plaintiffs had a remedy under the laws of the association which they did not invoke.

The constitution of the association provides that the national council, which is the supreme body, "shall hear and decide all appeals, redress all grievances, . . . ." The laws of the association provide that a dissolved subordinate council may be reinstated at a regular or special session of the national council. On reinstatement all property and effects of the subordinate council are restored to it. Sections 19 and 180 of the laws of the association read as follows:

"Sec. 19. *The National President May Order Trial of a Subordinate Council or Any of Its Members.* The national president, upon receiving charges or accusations filed against a subordinate council or any member thereof, shall, if he deem the charges or accusations preferred sufficient to justify investigation, refer the same to the national executive committee. The national executive committee shall thereupon give notice to the council or the member, as the case may be, and arrange to have the council or the member brought to trial before said committee, at a time and place to be fixed in the notice to the council or the member, and it shall have the power to suspend or dissolve the council, if in the judgment of the national executive committee such punishment should be inflicted, and it shall have the power to expel or otherwise punish such member, if found guilty. Where a council or any of its members is tried before the national executive committee, the method of procedure shall be, as near as may be, as provided in section 176.

"Sec. 180. *Appeals Allowed.* Any member of the order may appeal to the national executive committee from the decision of the subordinate council upon any trial had, and to the national council from the decision of the national executive committee or national trustees, where trial is had before such committee or trustees."

There is no specific provision for an appeal by a subordinate council from a decision to dissolve it, rendered by the national executive committee.

The plaintiffs contend for a harsh and illiberal interpretation of their own laws, against themselves. The settled, universal rule is to the contrary. That interpretation must always be adopted which is most favorable to members, and particularly so whenever enjoyment of beneficiary rights is involved.

In this instance the charter of Capital Council No. 1 was taken away as a disciplinary measure. Dissolution of the coun-

cil set its members at large. They were protected in their insurance for a certain period, but each member was obliged to join some other council in order to keep his insurance. While admission to another council was made easy, it was not guaranteed. Consequently, the members affected are as vitally interested, and are interested in substantially the same way, as if they had been disciplined personally. If the action of the national executive committee was wrong, the plaintiffs have been seriously aggrieved.

It may be assumed that section 180 does not give to a member an appeal from a decision which does not affect him in any way. The word "aggrieved" is implied after the first word of the section. So interpreted, the section permits members to protect their council from wrongful dissolution, by appeal. The procedure in case of appeal is as simple as possible. A notice is filed with the secretary of the national executive committee, stating that an appeal is prayed for, and referring to the decision appealed from with reasonable certainty. The secretary of the committee then makes up the record and certifies it to the national president, or to the national council if in session. If the plaintiffs had followed this procedure, it would be the imperative duty of the national council to hear their appeal. Granting, however, that because section 180 is found in a portion of the code relating to trials of members, it relates to such trials only, wrongful dissolution of a council by the national executive committee constitutes a grievance to every member of the council, which the constitution of the association commands the national council to redress.

The fact that no specific procedure is provided for invoking redress of grievance is not material. Jurisdiction, and the duty to exercise it, exist. In such cases, the body having jurisdiction may prescribe procedure, but if none has been prescribed, any mode which puts the tribunal in fair possession of the cause is sufficient. Appeals must be taken within thirty days from rendition of the decision complained of. This limitation does not apply to procedure to redress grievances. Of course, diligence in asking for redress of grievance must be exercised, but the circumstances of this case are such that, if the plaintiffs will present to the national council, which meets on June 8, 1920, a petition indicating their grievance, it will be

the duty of that body to consider it as fully as if an appeal had been taken.

The plaintiffs say that the national executive committee was not a fair tribunal, that its decision was not rendered in good faith, and consequently that they were not required to take an appeal. Applying to the evidence the law as stated in the case of *Burton v. Dickson,* 104 Kan. 594, 180 Pac. 216, 775, the court finds to the contrary. Further discussion of the controversy would lead to expressions of opinion concerning subjects which should be considered by the national council, should application be made.

Temporary orders, made to preserve the status of affairs pending final action of this court, are set aside, and the writ of mandamus is denied.