No. 29,080.

A. R. LAMB, *Appellee*, v. W. F. EHART, *Appellant*.

(278 Pac. 751.)

Opinion filed July 6, 1929.

*Dallas W. Knapp*, of Coffeyville, and *James M. Meek*, of Kansas City, for the appellant.

*C. A. Reed*, of Coffeyville, for the appellee; *A. R. Lamb, pro se.*

The opinion of the court was delivered by

BURCH, J.: The action was one of mandamus to compel the secretary of a local lodge of the Fraternal Aid Union to call a special meeting of the lodge to elect a representative to the district convention of the association, which elects delegates to the supreme lodge. Plaintiff prevailed, and defendant appeals.

The Fraternal Aid Union is a fraternal beneficiary association organized according to the lodge system, and plaintiff is a member of Coffeyville lodge, No. 777. Defendant has been acting as secretary of the lodge by appointment of the president of the association. The by-laws of the association provided that a representative to the district convention should be elected at the first regular meeting of the lodge in May, 1929. The lodge had held no regular meetings for a number of years, and no regular meeting was held. A field man of the association and the secretary of the lodge discussed the subject of a lodge meeting to elect a representative to the district convention. They agreed on May 6 as the date of the meeting. The by-laws of the lodge, which was unincorporated, and performed the functions usually committed to local lodges under the supremacy of a supreme lodge, contained the following article:

"ARTICLE 4. Special meetings may be called by the president (or, in his ab-

sence, by the vice president, and in the absence of both these officers, by the secretary), upon written request of three members of this lodge, at any time, by giving at least two days' notice, mailed to each member, or by personal notice by the secretary."

No notices of the meeting of May 6 were mailed, but a number of resident members were notified personally, and a meeting was held, with a quorum present. F. M. Fritts was elected representative, and Guy Foland was elected alternate. Plaintiff had no notice of the meeting, and was absent from Coffeyville on May 6. Plaintiff desired to be a candidate for representative and, discovering what had occurred, he and four other members requested the secretary to call a special meeting to elect a representative to the district convention. The request complied with the by-law, but the secretary declined to call the meeting.

The statute reads as follows:

"The writ of mandamus may be issued by the supreme court or the district court, or any justice or judge thereof, during term or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust, or station; . . ." (R. S. 60-1701.)

The office of representative to the district convention of the Fraternal Aid Union is not an office existing under or recognized by any law of this state. It exists solely by virtue of the law of the association. The office is an honorary one, and no civil or property right of plaintiff is involved. This court has no legal standard by which to determine whether the election held on May 6 was of any effect. Credentials were issued to the persons who were declared elected, and whether the district convention would or would not be bound to recognize those credentials is a question for determination under the laws of the order. Let it be assumed the election held on May 6 was void under the laws of the order. This court has no legal standard by which to determine whether an election of a representative to the district convention at a special meeting, called pursuant to plaintiff's request, would confer title or color of title to the office. To determine that question the court would be obliged to go to the statute book of the association, the first object of which, as declared in section 6 of its constitution, is to promote fraternal regard among its members.

Looking into the by-laws of the Fraternal Aid Union, the court discovers that the national president has power to interpret the

laws and deside all questions of law of the association and, in conjunction with the board of directors, to pass on appeals. The by-laws also provide that members shall take their grievances to the tribunals of the association. The court has not examined the laws of the association to determine whether a specific method of bringing plaintiff's particular grievance to the national president or board of directors is prescribed. Any method which would challenge attention would suffice. (*Tucker v. Kirkpatrick,* 106 Kan. 881, 883, 189 Pac. 946.) This court is not concerned, however, with whether plaintiff did or did not appeal to the national president, or with plaintiff's reasons for whatever course he took. In essence and effect the proceeding was one to contest the election of Fritts and Foland, without notice to them and opportunity to be heard. Beyond that a judicial writ was sought commanding that a new election be held to give plaintiff opportunity to exploit his political ambition. Plaintiff's interest is not one cognizable by a court, and if defendant owes any duty in the premises, it arises solely under the laws of the association, and not under any law referred to in the mandamus statute.

The district court was without jurisdiction. Its judgment is reversed, and the cause is remanded with direction to dismiss the action.