No. 38,561

WILLIAM J. ZEIDLER, *Appellant,* v. KNIGHTS OF COLUMBUS, a Corporation, *Appellee.*

(241 P. 2d 761)

Opinion filed March 8, 1952.

*Howard F. McCue,* of Topeka, argued the cause, and *Roy N. McCue,* of Topeka, and *Don Williams,* of Wamego, were with him on the briefs for the appellant.

*Luke E. Hart,* of St. Louis, Mo., argued the cause, and *Clarence J. Malone,* of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an action in which the plaintiff, as an associate member of a fraternal benefit society, *i. e.,* The Knights of Columbus, a corporation, is seeking to have this court supervise, direct, and control disciplinary proceedings instituted against him by that organization for improper conduct under purported authority of its constitution and by-laws. The appeal is from a ruling of the trial court sustaining a demurrer to plaintiff's amended petition.

The amended petition, hereinafter referred to as the petition, is lengthy and in such form its factual averments cannot be easily summarized. For that reason, and in order that there can be no

doubt as to the issues presented for decision on appeal, or confusion with respect to their decision, we attach a copy of such pleading to this opinion as an appendix where its allegations will be available for ready reference.

The certified copy of the short journal entry of judgment on file in the office of the clerk of this court serves a threefold purpose in that it reflects the reasons given by the trial court for sustaining the demurrer to the petition, the ground on which such demurrer was sustained, and the nature of the judgment rendered at the time of that action. It reads:

"Now, on this 1st day of August, 1951, the defendant's demurrer to the amended petition of the plaintiff comes before the Court for determination, and the Court having carefully considered the amended petition and the authorities cited by the parties, finds: That the demurrer should be sustained on the ground that the amended petition fails to state a cause of action. It is my judgment that the action is prematurely brought for the reason that the amended petition clearly discloses that the plaintiff has not exhausted his remedy under the constitution and by-laws of the association. IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED: That the defendant's demurrer to the amended petition of the plaintiff be, and the same is, hereby sustained.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That the sustaining of this demurrer necessarily disposes of the motion of the planitiff for a temporary injunction and the same is hereby overruled."

There can be no doubt that in ruling on the demurrer the trial court was laboring under no misapprehension as to what plaintiff was required to set forth in his petition in order to state a cause of action under our decisions. Whatever may be held elsewhere the rule in this jurisdiction has always been that courts will not interfere and take jurisdiction of cases involving the disciplining, expulsion, or suspension of members of fraternal and benevolent societies unless and until it appears such members have exhausted the remedies available to them within the Orders to which they belong. For our latest decision on the subject, to which we adhere, see *Porth v. Local Union 201,* 171 Kan. 177, 231 P. 2d 252. For others, wherein the same rule has been recognized, applied, and adhered to, see *Reno Lodge v. Grand Lodge,* 54 Kan. 73, 37 Pac. 1003; *Moore v. National Council,* 65 Kan. 453, 70 Pac. 352; *Modern Woodmen v. Taylor,* 67 Kan. 368, 71 Pac. 807; *Flynn v. Brotherhood of Railroad Trainmen,* 111 Kan. 415, 207 Pac. 829; *Wichita Council v. Security Benefit Ass'n,* 138 Kan. 841, 28 P. 2d 976; *Radio Station KFH & Co., v. Musicians Ass'n, Local No. 297,* 169 Kan. 596, 220 P. 2d 199; and other decisions therein cited.

With the rule established it becomes obvious the question remaining for decision is whether the trial court erred in concluding the petition failed to state a cause of action because such pleading clearly disclosed that plaintiff had not exhausted his remedies under the constitution and by-laws of the association.

Turning to the petition, and limited strictly to the question to which we have just referred, we note: (1) That paragraph 9 asserts *charges have been preferred against plaintiff;* (2) that paragraph 10 concedes *he is entitled to a trial on those charges* under existing rules and regulations of the Order; (3) that paragraph 11 states such *charges have been placed for trial* before the Board of Directors; (4) that paragraph 13 asserts *removal of the charges for trial* to the Board of Directors operates to deny plaintiff of his right of appeal *and places in the hands of his accusers the right to hear those charges;* (5) that paragraph 14 asserts plaintiff *cannot obtain a fair trial within the Order* because of divers reasons therein stated; (6) that paragraph 16 charges sections 189 to 192 incl. of the by-laws of the Order are unconstitutional and void because, under such sections, *plaintiff would be subjected to trial before his accusers* who also prosecute, hear and adjudicate the case; (7) that paragraph 19 states the *removal of the charges subsequently preferred for trial before plaintiff's accusers* deprive him of his property and personal rights without due process of law; (8) that paragraph 20 alleges *removal of the charges for hearing by the Board of Directors* deprive plaintiff of certain constitutional rights; and, last but not least, (9) that the prayer of the petition itself, wherein plaintiff puts his finger upon the relief he seeks, is that *defendant be enjoined from proceeding with his trial.* We note also that the petition contains no allegations to the effect plaintiff has either demanded or been denied a trial on the charges preferred against him.

When the foregoing allegations of the petition and others to which we have not specifically referred are carefully analyzed it becomes crystal clear that the charges made against plaintiff are still pending and undisposed of within the Order, that he is entitled to a hearing and trial on such charges under its constitution and by-laws and that he has not been denied, but is seeking to avoid, such a hearing and trial. In view of that situation and of what has been heretofore stated we have little difficulty in concluding it affirmatively appears from the face of the petition that plaintiff had not exhausted the rights and remedies available to

him within the Order before resorting to the courts for relief. It follows the trial court properly concluded the petition did not state a cause of action and that its order in sustaining the demurrer to the petition must be upheld.

In view of the conclusion just announced it is unnecessary to discuss or determine questions raised by the parties touching matters over which this court will not assume jurisdiction until its aid is invoked in an action wherein it appears the plaintiff has exhausted the remedies afforded him by the constitution and by-laws of the Order of which he is a member.

The judgment is affirmed.

### APPENDIX

#### AMENDED PETITION

Plaintiff invokes the equity powers of the court to remedy wrong and give justice and for his cause of action against defendant states:

That plaintiff is a citizen of the United States and a resident of Topeka, Shawnee County, Kansas; that his correct address is 404 Van Buren Street, Topeka, Kansas. That the defendant, Knights of Columbus, is a corporation chartered, organized and existing under and by virtue of the laws of the state of Connecticut, and its correct address is Drawer 1670, New Haven 7, Connecticut.

1. That defendant is a fraternal benefit society and has been admitted to do business as such in the state of Kansas pursuant to the provisions of the Kansas Insurance Code. The corporate purposes of defendant include the rendering of pecuniary aid to its members; rendering mutual aid and assistance to its sick, disabled and needy members; promoting social and intellectual intercourse among its members; promoting and conducting educational, charitable, religious, social welfare, war relief and welfare and public relief work. Said defendant is further authorized to hold, receive, lease and purchase real estate and personal property and to sell and dispose of the same. It is authorized to adopt a constitution, by-laws, rules and regulations for its government, the management of its affairs, the protection of its property and for the suspension, expulsion and punishment of its members, the election and appointment of its officers and agents, etc.

2. That section 6 of the act of incorporation of defendant reads that "said corporation shall make no laws, by-laws, rules or regulations inconsistent with the laws" of the state of incorporation, and

section 95 of the Constitution and Laws of defendant provides that the Supreme Officers of defendant are authorized and empowered to amend and modify the charter, constitution and laws of the defendant from time to time so as to conform to and be consistent with the laws in reference to fraternal societies in force in any state, territory or country.

3. By section 1 of the Constitution of defendant a Board of Government is established known as the "Supreme Council of the Knights of Columbus," and under section 3 the membership thereof includes the members of the Board of Directors. Section 5 of the Constitution of defendant provides that the Supreme Officers of defendant "shall be a Supreme Knight, a Deputy Supreme Knight, a Supreme Secretary, a Supreme Treasurer, a Supreme Advocate, a Supreme Chaplain, and a Supreme Physician." Section 8 of said Constitution creates the Board of Directors of defendant. The Supreme Officers are members of said Board of Directors. Under section 8 of the Constitution and Laws of the defendant, the Supreme Advocate and Supreme Secretary are included in the membership of the Board of Directors, and under section 32 the Supreme Advocate shall be the legal adviser of the Supreme Council and the Board of Directors "in all matters pertaining to" the defendant corporation. Under section 9 of the Constitution all executive authority of the defendant shall be vested in the Board of Directors.

4. That the defendant has authority to establish throughout the states of the United States subordinate or local councils and subordinate State and District councils. District councils are made up of territory within a state and all composed of members of the defendant corporation. Said local and subordinate councils are governed and controlled in their activities by the charter, constitution and laws of the defendant, and the constitution and laws of the United States and of the state in which such local council is situated.

5. Membership in the defendant corporation is limited to practical Roman Catholics, and under section 104 to 116 inclusive of the Constitution and Laws of the defendant, the application for membership is presented to one of the local councils and. is granted or rejected by the local council and the initiation into membership and all steps and proceedings for beginning membership in defendant are subject to the jurisdiction and authority of one of the local councils situated in the various states throughout the United States.

That defendant has two classes of membership, associate and insurance members.

6. That there exists a local council of the defendant in Topeka, Shawnee County, Kansas, known as "Topeka Council No. 534, Knights of Columbus." That plaintiff petitioned said Topeka Council for membership and on April 4, 1924, was accepted as an associate member, was duly initiated and was and is a member in good standing, with all dues and assessments paid, and having complied in every respect with the charter, constitution and laws of the defendant corporation throughout all of the period since his acceptance to membership and including the year 1951. That in August, 1943, plaintiff made application for transfer from associate to insurance membership and for One Thousand Dollars ($1,000.) of insurance as a member of said Council 534, Topeka, Kansas. That as a member of said Topeka Council No. 534, Knights of Columbus, plaintiff owns and possesses a vested interest in the property, real and personal, owned by said Topeka council, and in addition thereto owns and possesses all of the tangible and intangible rights and benefits flowing and accruing to a member of the defendant corporation by reason of its many and varied activities as indicated by its corporate charter, including the charitable, religious, social, educational and intellectual intercourse among the members of said defendant.

7. That during the months of September and October, 1950, plaintiff did, with a view of bringing about improved policies and management of the defendant, publish and caused to be published and mailed to Luke E. Hart, Supreme Advocate, and John E. Swift, Supreme Knight, certain letters and printed documents making just and proper criticisms of the administration and management of the business and affairs of the defendant and highly critical of the Board of Directors and Supreme Officers and of the addressee's, the said Supreme Advocate and Supreme Knight. That because thereof and for the purpose of covering up the mismanagement and dereliction of the Board of Directors and the Supreme Officers of the defendant and to prevent full and free discussion and inquiry among the membership of the defendant, and acting arbitrarily and capriciously, the Supreme Board of Directors of the defendant did on or about January 12, 1951, vote that plaintiff be suspended from membership in the defendant corporation, and that the Supreme Advocate, the said Luke E. Hart, be directed to prefer charges against plaintiff.

8. That such action suspending plaintiff from membership in defendant was taken by the Supreme Board of Directors without first preparing charges and serving the same upon the plaintiff, and in the absence of the plaintiff and without a hearing being accorded to the plaintiff.

9. That on or about February 7, 1951, charges were preferred against the plaintiff by Luke E. Hart, the Supreme Advocate of the defendant, wherein it was alleged that the letters of criticism mailed by the plaintiff in May, October and September of 1950 constituted violation of subdivisions 6, 7, 9 and 19 of Section 162 of the laws of the defendant, which provide:

"Sec. 162. Any member of the Order who after trial, excepting where it is provided that no trial shall be had, shall be found guilty of the conduct specified in the subdivisions following shall be *fined*, suspended or expelled as set forth therein, to-wit:

"6. Willful insubordination, contempt or disobedience of the lawful orders of superior authority; *fine*, suspension or expulsion.

"7. Giving scandal, scandalous conduct or practice unbecoming a member of this Order; suspension or expulsion. '

"9. Speaking, writing, printing or publishing any matter or statement which shall be deemed to be detrimental to the harmony and good order of the Knights of Columbus, or tending to create discord and dissension among the members or create public scandal, or causing the same to be done; suspension or expulsion.

"19. Making unjust or false statements, accusations, or personal vilifications of or against any officer of the Order in his official capacity; suspension or expulsion."

There was no trial of plaintiff as required by section 162 above, and the suspension was thereby void.

10. That under section 60 of the Laws of defendant, district councils are made up from territory within a state council, and under the provisions of section 174 to 181 of the Laws of the defendant, charges such as those preferred against plaintiff, as above described, are triable by a trial committee composed of three members of the District Council and the charges are prosecuted by the Advocate of the District or State Council, and the accused is entitled to counsel in his behalf from the membership of the defendant generally.

11. That under the provisions of section 189 of the Laws of defendant the Board of Directors or the Supreme Knight may order the removal of charges and all proceedings thereon against a member of a local council for hearing and trial before the said Supreme

Board of Directors. And, in said connection, section 191 of the Laws of defendant, provides:

"Where the removal is to the Board of Directors or to the Supreme Knight, such further proceedings shall be had on the complaint as they may determine . . ."

That on or about February 13, 1951, John E. Swift, Supreme Knight of the defendant, ordered the removal of the charges pending against this plaintiff and the removal of the trial and all further proceedings from the local Topeka council to the Supreme Board of Directors. That as a result, the charges have been removed from the local council where the plaintiff resides and is well known among the members of the defendant corporation, and said charges have been placed for trial before the Board of Directors, which said board voted to and did suspend plaintiff from membership without hearing and the members of which are plaintiff's accusers. And the membership of said Board of Directors includes the Supreme Advocate, Luke E. Hart, who prepared the charges against the plaintiff and who has the responsibility under the Constitution and Laws of the defendant corporation to prosecute said charges; and which Board of Directors includes among its membership John E. Swift and others who were the personalities criticised by plaintiff and whose acts and conduct were the subject matter of the letters written by plaintiff which form the basis of the charges preferred against the plaintiff.

12. Plaintiff further alleges that section 192 of the Laws of defendant provides that an injured member shall have right of appeal, and the only provision contained in the Constitution and Laws of the defendant corporation for an appeal from the results of the trial of the charges pending against the plaintiff are contained in section 193, which provides:

"Sec. 193, An appeal shall be direct to the Board of Directors.

.    .    .    .    .    .    .    .    .  ′   .    .    .    .    .    .

"2. By any member in a case involving his suspension, expulsion or removal from office."

13. That the removal of the charges against the plaintiff for trial before the Board of Directors operates to deny to the plaintiff his right of an appeal, and places in the hands of his accusers, the said Board of Directors, the right to hear, adjudicate and determine the very charges which said Board of Directors preferred against plaintiff; and the trial of said charges by said Board of Directors denies plaintiff his right of appeal and operates to make final

and conclusive the ruling and determination of said Board. That such action of the Board of Directors in taking over the charges against the plaintiff under all the circumstances of the case was unfair, arbitrary, malicious and unjust and for the sole and only purpose of silencing plaintiff and suppressing the illegal acts and mismanagement of the Supreme Officers of the defendant corporation in the management of the affairs and business of the defendant and was contrary to law and public interest and in derogation of the constitutional rights of plaintiff.

14. That plaintiff cannot obtain a fair trial within the defendant Order because:

(a) Trials before the Supreme Board of Directors are conducted in an arbitrary and dictatorial manner and with a design and purpose to delay and postpone until plaintiffs are barred by laches and limitations in the civil courts.

(b) The power and influence of defendant Order and of its present and past Supreme Officers with persons in high places in the Catholic Church and in government and politics is used by them to influence and intimidate counsel and witnesses who represent and appear for the accused member.

(c) Hearings before the Supreme Board are not open and public and witnesses are not allowed in the hearing room except when testifying.

(d) Members of the Order tendering services and evidence in behalf of an accused member have been suspended from the Order for so doing.

(e) The by-laws and rules of the Order have been carefully drawn and designed to give the Supreme Board dictatorial powers without regard to the rights of an accused.

(f) Plaintiff is denied counsel in hearings within the Order because limited by by-laws to members of the Order who are subject to arbitrary suspension from the order and other intimidations, and involving charge which carries penalty of fine of unlimited amount, and taking of plaintiff's property.

15. That by-law of defendant 162 and particularly paragraphs 6, 7, 9 and 19 of said section is unconstitutional because denying the constitutional right of free speech and free press.

16. That the by-laws of defendant which provide the trial procedure within the Order, and particularly Sections 189 to 192 inclusive, are unconstitutional and void and deny due process of law to this plaintiff because under said sections plaintiff is sub-

jected to trial before his accusers who also prosecute, hear and adjudicate the case.

17. Plaintiff has exhausted all rights and remedies under the laws of defendant insofar as within plaintiff's power.

18. That in publishing and mailing the letters and printed documents as described above, plaintiff acted within the legitimate exercise of the privilege of Freedom of Speech and of the Press guaranteed to him by the Constitution of the United States and specifically by the 14th and 1st amendments thereto; and as further guaranteed by section 11 of the Kansas Bill of Rights; and sections 5 and 6, Article First, of the Constitution of Connecticut, the state of domicile of defendant. The Connecticut Constitution reads:

"Sec. 5. Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that privilege.

"Sec. 6. No law shall ever be passed to curtail or restrain the liberty of speech or of the press." 6/25/51

19. Plaintiff alleges that sec. 165 By-laws of defendant is void and the Order suspending plaintiff without notice of the charges, and without charges having been preferred and without hearing is unreasonable, unconstitutional and void; and that the removal of the charges subsequently preferred for trial before plaintiff's accusers, the Board of Directors which ordered plaintiff's suspension, and which, under the Constitution and Laws of defendant, has the duty to prosecute and hear and adjudicate its own charges, operates to deny plaintiff a fair trial and subjects plaintiff to the possibility of a fine of unlimited amount, and to deprive plaintiff of property and personal rights and privileges without due process of law and in violation of the 14th and 5th amendments of the Federal Constitution; Section 18 of the Kansas Bill of Rights; and Section 12, Article First, of the Connecticut Constitution. The Connecticut provision reads:

"Sec. 12. All courts shall be open, and every person, for an injury done him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

20. Plaintiff further alleges that the removal of the charges for hearing by the Board of Directors denied plaintiff his right of appeal and denies due process of law in violation of the above constitutional provisions.

That plaintiff has no remedy under the Constitution and Laws of defendant and no adequate remedy at law, and is entitled to invoke the equity powers of the Court.

Wherefore, Plaintiff prays that a temporary injunction issue enjoining defendant from enforcing its order suspending plaintiff from membership in the defendant corporation and from proceeding with the trial of plaintiff, and that upon trial and final hearing that said injunction be made permanent; and that said permanent injunction contain a mandatory provision requiring defendant to restore plaintiff to membership and to all the rights thereof.