No. 40,972

E. F. JOHNSON, W. M. FRYE, EDWARD HILL, SHELLIE E. McCLENDON, O. W. BURKS, EDWARD PRUITT, CLIFFORD WOODS, HENRY CALLAHAN, KENNETH BRASHEARS, WILBERT HOUCKS and TIAMON LEWIS, *Appellants*, v. THE PRINCE HALL GRAND LODGE, FREE AND ACCEPTED MASONS OF KANSAS AND ITS JURISDICTION, A Corporation, *Appellee*.

(325 P. 2d 45)

Opinion filed May 10, 1958.

*Elmer C. Jackson, Jr.*, of Kansas City, argued the cause, and *James P. Davis*, of Kansas City, was with him on the briefs for appellants.

*P. A. Townsend*, of Topeka, and *William H. Towers*, of Kansas City, argued the cause and were on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The action was one of mandamus to compel the Prince Hall Grand Lodge, Free and Accepted Masons of Kansas and Its Jurisdiction, to set aside orders of suspension entered against the eleven plaintiffs and to reinstate them to membership. The district court issued an alternative writ of mandamus, which was discharged following a hearing of defendant's supplemental motion to quash. The plaintiffs have appealed.

Prince Hall Grand Lodge is a fraternal organization of Masons. The plaintiffs were members of the Grand Lodge and of various local lodges affiliated with it.

On April 12, 1957, the plaintiffs commenced an action against the Grand Lodge and certain of its officers in the district court of Wyandotte County, alleging misconduct, mismanagement and misappropriation of Grand Lodge funds. The prayer was for an injunction, the appointment of a receiver, an accounting, and other relief. Issues were joined and the case proceeded to trial. At the close of plaintiffs' evidence, the defendent demurred upon the ground that plaintiffs had no legal right to maintain the action inasmuch as they had not exhausted their remedies within the Grand Lodge. In support of its demurrer, the defendant cited an amendment to the constitution of the Grand Lodge adopted in 1956, which reads as follows:

"Article XV. No subordinate lodge of this jurisdiction, nor any member thereof, shall file any action or resort to the civil courts to establish any right, seek or obtain any redress or adjudicate any grievance or question arising out of membership of the lodge or Grand Lodge, or out of it or his connection with

the same until it or he shall have first completely exhausted the remedy within the lodge or the Grand Lodge and in all manner as provided by the laws and regulations of the Grand Lodge."

Defendant's demurrer was overruled, and the court entered judgment restraining and permanently enjoining the Grand Secretary from comingling Grand Lodge funds with his personal funds and from using Grand Lodge funds for his personal expenses, and further, enjoined and restrained the officers of the Grand Lodge from making transfers from two special funds to any other fund for the purpose of defraying Grand Lodge expenses. Plaintiffs' prayer for the appointment of a receiver and for an accounting was denied.

Thereafter, on May 21, 1957, formal charges of Masonic misconduct were preferred against the plaintiffs, who were directed to appear before the Appeals and Grievances Committee of the Grand Lodge for trial at its next regular communication to be held at Hutchinson, Kansas, on June 5, 1957, at 3:00 P. M. The principal charge was that the plaintiffs had commenced an action in the district court of Wyandotte County on April 12, 1957, in violation of Art. XV of the constitution of the Grand Lodge without first exhausting their remedies within the organization.

On June 5, 1957, plaintiffs and their counsel appeared before the Appeals and Grievances Committee and objected to being tried by the Grand Lodge, which objection was received by the committee and overruled. The committee heard evidence from both sides, considered all arguments and objections, found the plaintiffs guilty of violating Art. XV and recommended their suspension. At its regular session on June 7, 1957, the report of the committee was presented to the Grand Lodge, which voted to adopt the committee's recommendation. Accordingly, plaintiffs were suspended from membership in the Grand Lodge and from their respective local lodges.

On August 12, 1957, the action out of which this appeal arises was commenced by the plaintiffs filing a motion for a writ of mandamus in which it was alleged that the overruling of the defendant's demurrer in the action of April 12, 1957, was equivalent to a finding that plaintiffs had not violated Art. XV of the constitution of the Grand Lodge. It was further alleged the charges against plaintiffs were void for the reason they were unsigned in contravention of Masonic law; that two members of the Appeals and Grievances Committee served as both prosecutor and judge; that such com-

mittee did not include in its report to the Grand Lodge the defenses and objections interposed by the plaintiffs before that committee, and that the method of balloting used by the Grand Lodge when it adopted the recommendations of the committee was improper. It was further alleged that as a result of their suspension plaintiffs were deprived of property rights, in that each of them had paid dues for a period of years and were now prevented from enjoying the rights and privileges of membership, including the rights to benefits from the widows and orphans fund and the burial fund.

The district court, in sustaining the defendant's supplemental motion to quash the alternative writ of mandamus, found that it was without jurisdiction to reinstate the plaintiffs.

Plaintiffs concede this court has uniformly held that benevolent or fraternal associations are purely voluntary organizations of individuals for the accomplishment of objects the members have mutually agreed upon and that courts will not interfere and take jurisdiction of questions of policy or discipline, but will leave such questions to be settled in the manner prescribed by the regulations of the order, unless it appears such members have exhausted the remedies available to them within the organization to which they belong (*Reno Lodge v. Grand Lodge,* 54 Kan. 73, 37 Pac. 1003; *Burton v. Dickson,* 104 Kan. 594, 180 Pac. 216; *Lamb v. Ehart,* 128 Kan. 654, 278 Pac. 751; *Porth v. Local Union 201,* 171 Kan. 177, 231 P. 2d 252; *Zeidler v. Knights of Columbus,* 172 Kan. 557, 558, 241 P. 2d 761). In *Reno Lodge v. Grand Lodge,* supra, it was held:

"Courts will not undertake to direct or control the internal policy of such societies, nor to decide questions relating to the discipline of its members, but will leave the society free to carry out any lawful purposes in its own way, and in accordance with its own rules and regulations." (Syl. ¶ 2.)

In determining whether a benevolent or fraternal organization has fairly exercised its disciplinary powers, close adherence to the form of legal procedure is not required. It is sufficient if the accused is accorded those essentials which make for justice, rather than for form (*Wichita Council v. Security Benefit Ass'n,* 138 Kan. 841, 850, 28 P. 2d 976; *Harris v. Aiken,* 76 Kan. 516, 521, 92 Pac. 537, 123 Am. S. R. 149).

The established rule which organizations must adhere to in severing relations with an offending member is set forth in *Harris v. Aiken,* supra, follows:

". . . *Notwithstanding property rights may be involved,* an association may sever relations with an offending member upon these conditions: That he is charged with conduct for which expulsion is a proper penalty if he be guilty; that he has reasonable notice of the charge and opportunity to defend himself against it; that he is given a fair hearing; that a decision is rendered against him in good faith; and that he is not denied the benefit of any special rule that may exist relating to the matter. . . ." (Emphasis supplied.) (1. c. 520.)

Where those requirements are not met, courts will intervene to compel reinstatement or other relief if it affirmatively appears the accused has exhausted the remedy available to him within the order (*Reno Lodge v. Grand Lodge,* supra; *Tucker v. Kirkpatrick,* 106 Kan. 881, 189 Pac. 946; *Porth v. Local Union 201,* supra; *Zeidler v. Knights of Columbus,* supra).

Where the accused has been given opportunity to defend himself and the proceedings have been conducted fairly and in good faith, no grounds exist for questioning their regularity or sufficiency. The question of whether the conduct of the plaintiffs in the case at bar was such as to warrant their suspension from the Grand Lodge is not before us. That issue is a matter of internal government and discipline of the order and is for its final determination (*Reno Lodge v. Grand Lodge,* supra; *Burton v. Dickson,* supra).

Contrary to plaintiffs' contentions, the record clearly indicates that the proceedings before the Grand Lodge complied fully with the rule set forth in *Harris v. Aiken,* supra. Plaintiffs were charged with, among other things, a violation of Art. XV of the constitution and by-laws of the Grand Lodge and were tried in conformity with the provisions of Art. VI, Section 1, Par. 3, which reads:

"It shall have the power to hear and adjudicate and determine all cases concerning its members, members of subordinate lodges, subordinate lodges and the officers thereof, including controversies between lodges, members thereof and any and all grievances; it may assign the limits of each lodge under its Jurisdiction and its decisions, judgments and interpretations of all matters of controversy or grievance upon any and all questions whether brought before it by appeal or otherwise, shall be binding, conclusive and final as to all and on all concerned."

A statement of the charges was furnished each plaintiff; they appeared before the Appeals and Grievances Committee represented by counsel, which heard evidence from both sides, and they submitted objections to the committee which were accepted and considered. In due time the committee made its report and recom-

mendation to the Grand Lodge at which time plaintiffs and their counsel were afforded an opportunity to and did present their objections. Thereafter, by a vote of 136 to 56, the Grand Lodge accepted the report of the committee, and pursuant to Art. X, which makes violation of the constitution and by-laws of the Grand Lodge an offense punishable by reprimand, suspension or expulsion, ordered the plaintiffs suspended.

Plaintiffs contend the order of the district court overruling the defendant's demurrer to their evidence in the trial of the action filed April 12, 1957, was in effect a judicial finding they had not violated Art. XV without first exhausting their remedies within the organization; consequently, the Grand Lodge was without jurisdiction to try them and they were illegally suspended. The point is not well taken. The court's ruling upon the demurrer was based upon its opinion that plaintiffs' evidence showed the officers of the Grand Lodge violated pecuniary or property rights of the plaintiffs which entitled them to injunctive relief. The correctness of that ruling is not before us, but in any event it did not determine whether the plaintiffs had violated Art. XV nor did it preclude the officers of the Grand Lodge from charging and trying the plaintiffs for a violation thereof pursuant to Art. VI, Section 1, Par. 3. Moreover, it is conceded by all parties that the action of April 12, 1957, was filed, and that the plaintiffs did not present the matters alleged in their petition at a regular meeting of the Grand Lodge before they filed the action. The result is, the commencement of the action and plaintiffs' failure to first exhaust their remedies in the Grand Lodge clearly violated Art. XV. The truth of their complaint was not a justification for the commencement of the action. If they desired an investigation they should have followed the provisions of Art. XV, not violated them. In *Moore v. National Council,* 65 Kan. 452, 70 Pac. 352, this court said:

". . . The ultimate fact to be tried was whether plaintiff had violated the rules of the order in his effort to rectify the abuses which he claimed had been committed. The by-laws provide abundant means by which he might have presented and had investigated the charges which he made, other than those he used. Instead of pursuing these, he chose to pursue others which were obnoxious to the by-laws of the order. We think the executive committee had a clear right to inquire into these unauthorized proceedings. It was not investigating the truth or falsity of the charges made by plaintiff in error. Their truth was not a justification for him. If he desired an investigation, he should have followed the law, not nullified it." (l. c. 457, 458.)

Plaintiffs claim the charges against them were void because they were not properly signed. The contention lacks merit. As indicated, each of the plaintiffs appeared before the committee, and it was immaterial what kind of notice they had, whether it was signed, or whether they had any notice at all. In no possible way were their substantial rights affected by such an omission (*Moore v. National Council,* supra; *Harris v. Aiken,* supra). See, also, *Morris v. School District,* 139 Kan. 268, 279, 30 P. 2d 1094, and *Million v. Board of Education,* 181 Kan. 230, 236, 310 P. 2d 917.

Plaintiffs next contend they exhausted their remedies within the organization when they appeared before the Grand Lodge for trial on June 5, 1957, and being found guilty by that body, no right of appeal within the organization exists, therefore courts are available to compel their reinstatement. The point is not well taken. The trial was conducted pursuant to the constitutional provisions of the Grand Lodge to which the plaintiffs, by becoming members thereof, fully assented, and as such, fall within the principle announced in *Reno Lodge v. Grand Lodge,* supra, and *Zeidler v. Knights of Columbus,* supra.

Plaintiffs lastly contend the proceedings were void because two members of the trial committee served as both prosecutor and judge. The contention likewise is without merit. In *Harris v. Aiken,* supra, this court said:

". . . There is nothing in the record tending to impugn the good faith of any member of the board, and the fact that three of them in pursuance of their duties and acting in the interest of the exchange started the investigation which resulted in the hearing and condemnation of Harris did not incapacitate them from sitting in judgment upon him. It is held to be competent for a society to delegate to a committee the authority to expel a member, making such action final. . . ." (1. c. 521.)

See, also, *Moore v. National Council,* supra, p. 457, and *Morris v. School District,* supra, p. 279.

No attempt is here made to impugn the good faith of the two members of the Appeals and Grievances Committee. The fact they were accusers did not automatically disqualify them nor tend to impugn the fairness of the proceedings. Moreover, the report of the committee was not binding upon the Grand Lodge; it was free to adopt or reject it. The Grand Lodge, not the committee, ultimately tried the plaintiffs. In making their objections to the Grand Lodge, plaintiffs did not omit the fact that two members of

the committee were their accusers, but despite that fact, the vote of the Grand Lodge was overwhelming for their suspension.

We have reviewed the record and find no error. No substantial grounds are alleged which challenge the regularity or sufficiency of the proceedings resulting in plaintiffs' suspension. The district court was correct in sustaining the motion to quash.

The judgment is affirmed.