No. 41,044

E. F. JOHNSON, W. M. FRYE, EDWARD HILL, SHELLIE E. McCLENDON, O. W. BURKS, EDWARD PRUITT, CLIFFORD WOODS, HENRY CALLAHAN, KENNETH BRASHEARS, WILBERT HOUCKS, JAMES POOLE, J. H. WEEDEN and TIAMON LEWIS, *Appellants,* v. CHESTER GASKIN, Individually, and CHESTER GASKIN, as Grand Secretary of Prince Hall Grand Lodge of Kansas and Jurisdiction; WALTER RODGERS, Individually, and WALTER RODGERS, as Chairman of the Auditing Committee, Prince Hall Grand Lodge of Kansas; P. G. PORTER, Individually, and P. G. PORTER, Claiming to Be Grand Master of Prince Hall Grand Lodge of Kansas and Jurisdiction; and THE PRINCE HALL GRAND LODGE, F. & A. M. OF KANSAS and Its Jurisdiction, a Corporation, *Appellees.*

(332 P. 2d 263)

Opinion filed December 6, 1958.

*Elmer C. Jackson, Jr.,* and *James P. Davis,* both of Kansas City, were on the briefs for the appellants.

*P. A. Townsend,* of Topeka, and *William H. Towers,* of Kansas City, were on the briefs for the appellees.

The opinion of the court was delivered by

Robb, J.: This is an appeal from a judgment of the trial court refusing to direct an audit by a certified public accountant of the books and financial records of defendant Prince Hall Grand Lodge of Kansas at its own expense, and denying appointment of a receiver for defendant, as requested by plaintiffs.

This is the fourth appeal in this court involving defendant Grand Lodge. The previous appeals appear in our reports as *Johnson v. Prince Hall Grand Lodge,* 183 Kan. 141, 325 P. 2d 45; *Hill v. Prince Hall Grand Lodge,* 183 Kan. 148, 325 P. 2d 334; *State v. Turner,* 183 Kan. 496, 328 P. 2d 733. They fully set forth the details of the organization of the Grand Lodge and its officers and it is unnecessary to extend this opinion by repeating that information.

We shall not concern ourselves with trial errors since plaintiffs have not in their abstract specified as error the trial court's order overruling their motion for new trial even though it was included in their notice of appeal. Neither do they raise it in their briefs in the statement of questions involved. Under such circumstances, any appeal from the trial court's order overruling the motion for new trial is considered to have been abandoned and the order will not be reviewed. (*Davidson v. McKown,* 157 Kan. 217, 221, 139 P. 2d 421; *Reger v. Sours,* 181 Kan. 423, 311 P. 2d 996.) Our remaining responsibility, therefore, is to determine whether the trial court's findings are supported by competent evidence and if they are, then the trial court's judgment will not be disturbed. (*Redman v. Mutual Benefit Health & Accident Ass'n,* 183 Kan. 449, 457, 327 P. 2d 854.)

The record discloses that defendant Gaskin was permanently enjoined by the trial court from commingling his personal funds with those of the Grand Lodge in a single bank account and from drawing checks on any account of the Grand Lodge in payment of his personal obligations, from which order no· appeal was taken.   By reason of this activity on the part of Gaskin plaintiffs sought the appointment of a receiver for the Grand Lodge together with the appointment of a certified public accountant to audit its books and financial records.   The application for injunctive relief stated that Gaskin had failed to make timely and required reports to the Grand Treasurer, who, in turn, had similarly failed to make reports to the individual members of the local lodges regarding the financial status of the Grand Lodge.   This failure affected certain benevolent interests of plaintiffs by reason of their participation in a widows' and orphans' fund of the Grand Lodge whereby upon the death of a member in good standing in a local lodge, his beneficiaries would receive $150.00 death benefit and $50.00 burial benefit.   Other allocations of the local lodge dues paid to the Grand Lodge were shown but itemization thereof is not necessary to a determination of this appeal.

The trial court in its journal entry made the following pertinent findings of fact:

"The Court further finds that the defendant Chester Gaskin has *comingled* personal funds with the funds of the Grand Lodge, and that the said defendant should be permanently enjoined from *comingling* Grand Lodge funds with his own funds and from writing checks or drawing money against Grand Lodge funds for personal bills or debts.

"The Court further finds that at the Annual Meeting of the Grand Lodge held this year the Constitution of the Grand Lodge was amended to prohibit any officer of the lodge from *comingling* lodge funds with any other funds, and to require that the Grand Secretary make deposits quarterly with the Grand Treasurer of the lodge, and further to require that the books of the lodge be audited annually by a public accountant.   And the Court further finds that in view of these changes no further action need be taken by the Court with respect to these matters as complained of in plaintiffs' petition.

"The Court further finds that for a number of years the amount of dues collected for the General Fund has never been sufficient to pay the expenses of the Grand Lodge, that before the end of the Annual Meeting of the Grand Lodge an estimate is made of the funds needed to make up such deficit, and the sum required is transferred from the Widows' and Orphans' Fund and the Burial Fund to the General Fund to defray Grand Lodge expenses.   The Court further finds that these transfers were made with Grand Lodge approval by virtue of Article X, Section 2, of the Constitution, but the Court further finds that Article IX, Section 6, Clause 1, of the Constitution provides

that the allowances set out therein to the Grand Custodian shall cover the entire expense of the two departments. The Court further finds that the Widows' and Orphans' Fund and the Burial Fund constitute trust funds to be used for the specific purposes for which the funds were created and for which they were paid in by the members or their beneficiaries, and that the defendants should be enjoined from further transfers from the Widows' and Orphans' Fund and the Burial Fund to defray Grand Lodge expenses.

"The Court further finds that although plaintiffs have requested an audit by a certified public accountant of the accounts and books of the defendant Grand Lodge, and particularly the accounts of the Grand Secretary, it is not clear that a shortage exists in any of these accounts, one audit by a public accountant has already been paid for by the lodge, and the changes made by the Grand Lodge in its Constitution and the order of the Court made herein should prevent a recurrence of the things complained of by plaintiffs in their petition. The Court further finds that the cost of such an audit would far exceed any probable recovery from the Grand Secretary even if a shortage were revealed, no useful purpose would be served by another audit insofar as the Grand Lodge is concerned, and that the plaintiffs' request for an audit should be denied."

The trial court's conclusions of law, in appropriate part, and the judgment read:

"It is Further by the Court Considered, Ordered, Adjudged, and Decreed, that the restraining order heretofore entered by this Court on the 12th day of April, 1957, continue in full force and effect, and that the defendant Chester Gaskin be and he hereby is permanently enjoined from comingling Grand Lodge funds with his personal funds and from writing checks or drawing money against Grand Lodge funds for any personal bills or debts.

"It Is Further Considered, Ordered, Adjudged, and Decreed by the Court, that the Widows' and Orphans' Fund and the Burial Fund of the Prince Hall Grand Lodge of Kansas are trust funds, and its officers be and they hereby are permanently enjoined and restrained from making further transfers from the Widows' and Orphans' Fund and the Burial Fund to any other fund of the Grand Lodge for the purpose of defraying Grand Lodge expenses.

"It Is Further by the Court Considered, Ordered, Adjudged, and Decreed, that the request of the plaintiffs for the appointment of a receiver and for an audit of the Grand Lodge books and accounts by a certified public accountant be and the same hereby is denied.

"It Is Further by the Court Considered, Ordered, Adjudged, and Decreed, that the defendant Grand Lodge pay the costs of this action."

Our attention has been directed to a memorandum opinion mailed by the trial court to counsel for the parties but a careful study and comparison of the memorandum opinion with the journal entry shows no discrepancy between them, and that point requires no further attention.

The plaintiffs first complain that the trial court erred because of its judgment refusing to appoint a certified public accountant. In view of the trial court's statements in the journal entry, which are supported by the testimony of a public accountant who was a witness for plaintiffs, as well as by testimony of a second public accountant who was a witness for defendants, we agree with the trial court's determination that another audit of the books and financial records would be a useless gesture. Plaintiffs stress a statement by the trial court, ". . . it is not clear that a shortage exists in any of these accounts. . . .," but this contention can be disposed of very simply by our familiar rule that a presumption of validity attaches to a judgment of a trial court until the contrary is shown and before this court on appellate review will set aside a judgment, error therein must affirmatively be made to appear. Authority for this rule and citations in support thereof are found in *B & S Enterprises v. Rudd*, 182 Kan. 710, 717, 324 P. 2d 515.

Much that has already been said herein applies to the other point of error contended by plaintiffs which is that the trial court erred in refusing to appoint a receiver to handle the finances of the Grand Lodge. In support of this contention plaintiffs, among other authorities, cite *Geiman-Herthel Furniture Co. v. Geiman*, 160 Kan. 346, 355, 161 P. 2d 504, where this court ordered a receiver to be appointed. However, that case presented circumstances which affirmatively showed error in the trial court's determination not to appoint a receiver. The general rule, applicable here, and stated in the Geiman case (p. 355) is that courts of equity may exercise judicial discretion in the appointment of a receiver and appellate courts are not inclined to disturb such exercise of discretion in the absence of an abuse thereof. We are unable to see where in our present case it has been affirmatively shown that the trial court abused its discretion in its determination of either question raised herein.

Judgment affirmed.